IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| MARCUS J. GLOVER, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Civil Case No. 08-5077-CV-SW-RED |
| | ) | Crim. Case No. 04-5033-08-CR-SW-RED |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Now before the Court is Marcus J. Glover's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#1). After careful consideration, the Court **DENIES** Glover's motion.

## BACKGROUND

Glover was indicted on or about October 14, 2004. His indictment alleged that he and others conspired to distribute more than 500 grams of methamphetamine. The indictment also alleged that Glover distributed drugs on four occasions. On January 26, 2006, Glover pled guilty to the conspiracy charge pursuant to a plea agreement. The Court dismissed the distribution charges and sentenced Glover to 168 months confinement in June 2006. Glover appealed, but the Eighth Circuit enforced the appeal waiver in Glover's plea agreement and dismissed the appeal on August 14, 2007.

Glover filed a motion under 28 U.S.C. § 2255 on July 24, 2008. Glover argues that his sentence violates *Lopez v. Gonzalez*, 549 U.S. 47 (2006), and his attorney was ineffective for failing to present evidence and arguments to show the Court the same problems the *Lopez* court noted.

# DISCUSSION[1]

Glover has two prior convictions that affected the guideline calculations for his sentence in this case. The first was a March 31, 1997, Joplin, Missouri, Municipal Court conviction for unlawful possession of drug paraphernalia/no driver's license, which resulted in a $292.00 fine. The second was a December 13, 2001, Joplin, Missouri, Municipal Court conviction for peace disturbance/possession of drug paraphernalia, which resulted in a suspended imposition of sentence and two years of probation. Each of these convictions contributed one criminal history point. In addition, because the instant offense occurred while Glover was on probation for the December 13, 2001 conviction, two more points were added. This resulted in a total of four criminal history points, yielding a criminal history category of III. Glover's attorney objected to this criminal history calculation prior to Glover's sentencing. The Court overruled the objection.

Glover argues that the Court should not have considered his prior convictions pursuant to *Lopez v. Gonzalez*, 549 U.S. 47 (2006). Glover claims that *Lopez* held that "state cases could not be used unless the state case constituted a [crime] punishable as a felony under federal law."

*Lopez* dealt with the Immigration and Nationality Act's definition of the term "aggravated felony." The statute defines "aggravated felony" with a list that includes "a drug trafficking crime (as defined in section 924(c) of title 18)." 18 U.S.C. § 924(c) defines "drug trafficking crime" as "any felony punishable under the Controlled Substances Act." The government argued that a state felony could be considered a drug trafficking crime even though it would not be a felony had it been charged in federal court under the Controlled Substances

---

[1] Glover waived the right to collaterally attack his sentence when he executed the plea agreement. This waiver is alone sufficient reason to deny Glover's pending motion.

Act. The United States Supreme Court held that "a state offense constitutes a 'felony punishable under the Controlled Substances Act' only if it proscribes conduct punishable as a felony under that federal law." *Id.* at 633.

*Lopez* specifically and explicitly construed only the Immigration and Nationality Act's definition of "aggravated felony." The Eighth Circuit has declined to extend *Lopez* to prohibit courts from using state felonies that would be misdemeanors under federal law when sentencing defendants. *United States v. Samuels*, 543 F.3d 1013, 1021 (8th Cir. 2008).

The Court properly used Glover's prior convictions to calculate his criminal history. Chapter Four of the Sentencing Guidelines governs calculation of a defendant's criminal history. Guideline § 4A1.1 instructs the Court to "[a]dd 1 point for each prior sentence" and to add 2 points "if the defendant committed the instant offense while under . . . probation." The Background Note to Guideline § 4A1.1 states:

> Prior convictions may represent convictions in the federal system, fifty state systems, the District of Columbia, territories, and foreign, tribal, and military courts. There are jurisdictional variations in offense definitions, sentencing structures, and manner of sentence pronouncement. To minimize problems with imperfect measures of past crime seriousness, criminal history categories are based on the maximum term imposed in previous sentences rather than on other measures, such as whether the conviction was designated a felony or misdemeanor.

The Court properly applied the Guidelines to calculate Glover's criminal history. Glover's attorney was not ineffective for failing to present evidence on the issues raised in Glover's 28 U.S.C. § 2255 because the arguments raised in Glover's motion fail on the merits.

## CONCLUSION

Marcus J. Glover's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#1) is **DENIED**.

3

**IT IS SO ORDERED**.

DATED: November 26, 2008    */s/ Richard E. Dorr*
                            RICHARD E. DORR, JUDGE
                            UNITED STATES DISTRICT COURT

4